UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| KAITLYN BRADLEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil No. 5:25-cv-00385-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **&** |
| TOYOTA TSUSHO AMERICA, INC., ) | **ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is before the Court on Defendant Toyota's Motion to Dismiss and Plaintiff Bradley's Amended Complaint. [Rs. 4; 5.] For the following reasons, the Court denies Toyota's motion to dismiss as moot.

**I**

Joshua Shepard worked for Defendant Toyota Tsusho America, Inc. [R. 1 at 7.] For many years, Shepard was in a relationship with Plaintiff Kaitlyn Bradley. [R. 1-2 at 7.] They had two young children together and resided in Scott County, Kentucky. *Id.* As an employee of Toyota, Shepard enrolled in the Toyota Tsusho America, Inc. Employee Welfare Benefit Plan. *See id.*; *see also* [R. 1-3.] In her complaint, Bradley alleged that Shepard submitted paperwork to Toyota to request a change in his beneficiary designation. [R. 1-2 at 7.] Specifically, Bradley alleges that Shepard planned to remove his grandmother as the listed beneficiary and add Bradley and the two children as beneficiaries. *Id.* But there was one problem. The person responsible for filing the paperwork at Toyota left the company, and Shepard learned that his beneficiary change request had either been lost or destroyed. *Id.* at 8. After learning this information, Shepard acquired new forms, filled them out, and planned to submit them to

Toyota. *Id.* Tragically, before he could do this, Shepard died in a car accident. *Id.* Shepard "had the forms in his backpack" when the accident occurred. *Id.* Shepard's intentions to add his children and Bradley as his beneficiary never materialized.

These unfortunate events led to the filing of this lawsuit. Bradley, on behalf of herself and her two children with Shepard, brought a common law negligence action in the Scott County Circuit Court. The complaint alleges that Toyota "had a duty to process the aforementioned paperwork and breached this duty by failing to process the aforementioned paperwork which would have changed the beneficiaries as detailed herein." *Id.* Toyota's "breach of the aforementioned duty resulted in the loss of benefits or monetary loss to the Plaintiffs that they would have otherwise been entitled." *Id.*

Toyota timely removed this case to federal court on October 16, 2025. [R. 1.] Toyota offered that removal is proper under 28 U.S.C. § 1441 and specifically argued for removal based on the existence of a federal question. Toyota argues that the Employee Retirement Income Security Act (ERISA) completely preempts state common law claims pertaining to the denial of benefits under an ERISA-governed employee benefits plan. *Id.* at 5–10. A few days later, Toyota filed a Motion to Dismiss. [R. 4.] In support of its Motion, Toyota again argued that ERISA completely preempts any state law cause of action related to an employer sponsored benefit plan. *Id.* at 1. Toyota requested the Court to dismiss Bradley's lawsuit with prejudice on this basis.

Rather than filing a response to the Motion, Bradley chose to timely file an Amended Complaint. [R. 5.] The Amended Complaint no longer contained state law negligence claims. Instead, Bradley now brings one count of failure to provide benefits under ERISA and one count of breach of fiduciary duty under ERISA. *Id.* at 3–4.

**II**

The question before the Court is whether Bradley's amended complaint renders as moot Toyota's motion to dismiss. A defendant may move to dismiss the case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Within 21 days after service of the motion to dismiss, "a party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1).5 "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed.). The filing of an amended complaint generally moots a pending motion to dismiss. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021). Where the amended complaint and the original complaint are "substantially identical," the district court has discretion to apply a pending motion to dismiss to the later amended complaint. *Id.*

Toyota's sole argument in support of its motion to dismiss is that ERISA completely preempts Bradley's state law negligence claims. [R. 4-1 at 7–8.] Bradley then timely amended her complaint pursuant to Rule 15. Bradley's amended complaint no longer contains any state law negligence counts. Instead, Bradley's amended complaint advances the lawsuit based on alleged violations of ERISA. [R. 5 at 3–4.] The amended complaint and the original complaint are not substantially identical. Bradley changed the legal theory under which she seeks relief against Toyota. Bradley's amended complaint cured the defects raised by Toyota's motion to dismiss. Thus, the amended complaint moots the pending motion to dismiss.

**III**

Accordingly, and the Court otherwise sufficiently advised, it is hereby ordered that the Defendant's Motion to Dismiss **[R. 4]** is **DENIED as moot**.

3

This the 18th day of November, 2025.

Gregory F. Van Tatenhove
United States District Judge